UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE RAY LEWIS,<br><br>                Plaintiff,<br><br>   v.<br><br>S. AUSTIN, *et al.*,<br><br>                Defendants. | Case No. 3:24-CV-00538-ART-CLB<br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL**<br><br>[ECF No. 18] |

Before the Court is Plaintiff Willie Ray Lewis's ("Lewis") motion for appointment of counsel. (ECF No. 18). For the reasons discussed below, the motion is denied.

There is no constitutional right to appointed counsel in a § 1983 action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd en banc on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Title 28 U.S.C. § 1915(e)(1) gives courts discretion to "request an attorney to represent any person unable to afford counsel." *See also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While the decision to request counsel lies within the discretion of the district court, the court may only exercise this discretion under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate: (1) the plaintiff's likelihood of success on the merits; and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331). Neither factor is dispositive, and both factors must be considered before a court reaches a decision. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff

must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Here, Lewis argues the Court should appoint counsel because he "does not have the ability to obtain his medical document[s]" from his provider in Carson City, and because he "will be in need of a medical expert going forward in this litigation." (ECF No. 18 at 2.) Neither of Lewis's arguments rise to the level of exceptional circumstances. Lewis's case is limited to an Eighth Amendment deliberate indifference claim alleging Defendants "denied [him] access to hernia surgery and treatment for his ulcerative colitis for years." (ECF No. 9 at 7.) This claim does not involve complex issues, nor require expert assistance to understand. Furthermore, difficulty obtaining records is an issue every inmate faces when pursuing litigation and is not exceptional. Finally, throughout the pendency of this action, Lewis has shown he can articulate his claims to the Court.

Because Lewis has not demonstrated exceptional circumstances, his motion for appointment of counsel, (ECF No. 18), is **DENIED**.

**IT IS SO ORDERED**.

**DATED**: November 26, 2025

UNITED STATES MAGISTRATE JUDGE